4-13-0323. On behalf of the appellant is Attorney Janine Terrence. On behalf of the appellee is Attorney Linda McClain. Ms. Terrence, you may proceed. May it please the court. Counsel. Good morning. Good morning. An often quoted legal scholar stated, It is deeply rooted in our moral sense of fitness that punishment entails blame, and that therefore punishment may not be justly imposed where people or the person is not blameworthy. In seeming recognition of that conclusion, 75% of the jurisdictions in the United States have provided for exclusions, exemptions, or affirmative defenses for a teenager engaging in consensual or voluntary sexual activity with another close in age teenager. Ms. Terrence, can I ask you just to speak a little louder? There's a fan on that's operating back here and I'm having a little trouble hearing you. And I was going to do the same thing because I'm very interested in your intro. That's not a, that's a recording microphone rather than an amplifying microphone. But I'm glad that someone younger than me actually asked you to speak up. I saw you leaning in. You saw me leaning in. I'm sorry about that. I will speak up. 75% of the jurisdictions in the United States have provided for exclusions, exemptions, or affirmative defenses for a teenager engaging in consensual sexual activity with another close in age teenager. Illinois stands in the minority and against the majority on this issue. Pursuant to 720 ILCS 5-11-1.50c, a teenager is subjected to up to a year in jail and required to register as a sex offender if he or she engages in the normative behavior of consensual sexual conduct with another close in age teenager. The provision not only violates the cruel and unusual punishment provision of the United States Constitution and the Illinois Constitution, but it also violates due process. First, the provision violates the cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution and the corresponding but more expansive Article I, Section 11 of the Illinois Constitution. Eighth Amendment cruel and unusual punishment challenges are reviewed under one of two distinct analytical frameworks. The term of years approach or the categorical approach. Where the United States Supreme Court in Graham v. Florida in 2005 recognized that juveniles were different given their unique characteristics and the punishment scheme at issue only encompasses juvenile offenders, the categorical analytical framework should be used to determine whether the provision at issue here violates the prohibitions of the United States Constitution. Under the categorical approach, the court is directed to first look to objective indications of society's standards as expressed in legislative enactments and in state practice to determine if there is a national consensus  Next, the court must then look and exercise its own independent judgment to determine if the sentencing practice is indeed unconstitutional. The practice at issue here, the placement of juveniles in detention for up to a year for engaging in normative behavior is not only contrary to the national consensus, it's otherwise unconstitutional in violation as it fails to serve any goal of punishment. Ms. Terrence, how does your analysis differ if we characterize it not as consensual conduct but non-consensual? If it was non-consensual conduct, not legally non-consensual in the sense that children under a certain age cannot consent, but if it was non-voluntary conduct, it would fall under a different section of the code. So the state makes the argument that there is evidence in the record that this was non-voluntary on the part of the victim. So if there is evidence in the record of that type, doesn't that put the analysis in a different light as you were just explaining? No, it does not, Your Honor. It does not because the state charged the defendant in this case with the voluntary conduct, not the non-voluntary forceful conduct. This is a situation where the state could have just as easily charged the defendant under that same provision, but it would have been A1, which is committing an act of sexual conduct with the use of force or the threat of force. The state chose not to do that. For whatever the reasons are, there are conflicting stories in the record, and there was no need to prove force in this case because it wasn't an element of the offense. It's just not present in this case. Given that the charge was for the voluntary consensual act as opposed to the forceful act, the punishment that applies to that, the punishment that Morris or Maurice operates under is cruel and unusual. All right, and it's an interesting argument, and I'm trying to figure out how this falls in the analysis. Are we to look solely at the charging instrument in determining the constitutionality argument here, or are we to look at the evidence, which according to the state contains evidence of non-voluntary conduct? We are to look at the charging instrument in this case, because that's the issue of whether or not the statute as applied in any situation is constitutional, and it's not. Even if there are allegations that it was not voluntary, because that was not an issue or an element of the offense in question. Does it make a difference in the analysis whether it's true love of Romeo and Juliet, or whether it's the most popular quarterback of the football team and someone who would beat me? I hope you understand I'm trying to beat someone who's not popular and is not going to get a date to the prom and is taken advantage of. But it's consensual in the sense that there's a willingness, because of the way the person manipulates the partner, and whether it's the captain of the girls' soccer team who takes advantage of a boy who's two or three years younger. I think absent this particular subsection of the statute, the state has many ways to deal with those situations, those two different circumstances. If this was a bad decision, and there was some sort of force or manipulation, then there's another subsection to deal with this criminal activity. If this was a teenager just making bad choices, the Juvenile Court Act in Article III, Minors in Need of Authoritative Intervention, has a slew of alternatives to help these children make better choices and to deal with this problem. Is the real consequence here the registration? And I understand you're making the statute is bad. It's bad public policy. It's not solely the registration. It's the year in jail, or up to a year in jail. Detention for minors is very harmful. It's psychologically harmful. It's physically harmful. It tends to change their entire development. Illinois legislature has recognized the impact of detention on children, and in certain circumstances has limited that to 30 days. So detention for a child for up to a year for such a relatively minor offense is particularly damaging. Well, do you take issue with the factual description in the state's brief where, pages 9 and 10, they write, the victim testified at respondent's bench trial that the sexual activity was not consensual, co-respondent preventing the victim from leaving the van, and respondent pinning the victim's right arm. In addition, three boys had intercourse with the victim in a van. It was not a boyfriend-slash-girlfriend situation. The next day, respondent Facebook messaged the victim and admitted raping her. Do you take issue with the accuracy of that factual description? And if not, does that describe the type of consensual sexual relationship here that seems to be apparent in the brief? I do take issue with it. I do not take issue with the testimony that the complainant in this case gave, because she did testify that this was not consensual. But there also is evidence in the record that in her initial reporting of this, she did state that her encounter with Maurice was consensual. The Facebook reference, all we have is a statement, so I raped you, which could have easily been a question. It's written words on a paper, which can be made out to seem anything. He could have been questioning her now statement that it was rape as opposed to consensual, which he thought it was. I also disagree with the state's presentation now on appeal, when below, in the trial court stage, the state could have charged this as a forceful sexual assault, or the threat of force being used, but chose not to do so. It would be harder to prove that offense. So can't they choose, when they're making a charging decision, they can choose to prove this because they didn't have to prove this? Your Honor, I do believe, in my opinion, it's an abuse of discretion. If it is force, charge it as force, prove force. That's why the statute is presented as it is. If it's not force, and you're then showing it up to be force, how does that speak to our system, that we're allowing someone a lesser penalty for an offense that's somehow greater? Isn't that what prosecutorial discretion is about? Unfortunately, it is. But they're stuck with what they chose. And they chose the voluntary consensual sexual act here, and not the threat of force or the forceful act. Well, it seems to me like your entire argument is a policy argument that should be directed maybe at the legislature. And I know you're contending that the statute's unconstitutional, and if in fact it is, we would have the authority to throw it out. But globally looking at it, it looks to me like your argument has been made across the street at the legislature. You know, it is an argument that I would love to make to the legislative branch. But as the statute stands, it is unconstitutional. Because in this state, the legislature has recognized the offense of status offenses as being less serious offenses. And those offenses being such that a minor should not be placed in detention for. Yet we have this normative behavior that's only in violation of a law because of the ages of the persons involved. But you seem to be indicating that that's an element of the offense, the normative behavior. That statute would apply to both normative and non-consensual non-voluntary conduct, true? I mean, it doesn't exclude non-voluntary conduct. Yes, it's a strict liability offense that's completely based on the ages of the parties involved, regardless of whether it's voluntary or non-voluntary. However, there are other sections of that statute that specifically deal with non-voluntary sexual conduct. And when we're looking at this particular statute that's applied to voluntary or non-voluntary conduct, and if it's voluntary, we're saying it's okay. We agree that it's okay to put children in jail for up to a year for engaging in activity that has evolved in our society to be normal, to be expected as a part of their development. Over 50% of teenagers in high school today are engaging in sexual activity with each other. In Illinois, 75% of sexually active girls have partners that are within three years of their age. We're saying you should go to jail for just being a teenager, for just doing what teenagers do. And that's cruel and unusual punishment under the framework that has been given for determination of those issues. Here we have a relatively minor offense and a very severe penalty. In 1958, the United States Supreme Court in Truth v. Dulles found that the overriding purpose of the cruel and unusual punishment provision was the preservation of the dignity of a man. Surely, whether that person is an adult or a child, if they're a citizen of this country, they're entitled to the preservation of their dignity and to put them in jail for just being a child, doing what children do. It's cruel and unusual punishment. And over 75% of the jurisdictions in this country have said so. By getting rid of their statutes, their strict liability statutes, that fail to take into account the age gaps of these teenagers engaging in this activity. Notwithstanding the framework under the Eighth Amendment, under the Illinois Constitution, this provision is also unconstitutional as cruel and unusual. In Illinois, the issue is going to turn on whether the penalty is proportioned to the seriousness of the offense and whether there is any rehabilitative potential that's incorporated within that sentence. Here it's simply not. We have a status offense that requires up to a year in jail, which the legislature has already stated that status offenses should not be punished by imprisonment. And there is no rehabilitative potential dealing with close-in-age sexual conduct among teenagers when there's nothing to rehabilitate. It's normal, expected development. Furthermore, it violates the Due Process Clause. And I ask this court to revisit that issue. It violates due process in the sense that this is a statute where the means of accomplishing the goals are unreasonable. Because as I mentioned earlier, in Article 3 of the Juvenile Court Act, there's an entire section, a slew of additional other remedies that can be had when dealing with teenagers engaging in this activity if it's harmful to them. So I ask this court to find that this provision is unconstitutional. Thank you. Ms. McClain. May it please the court. The status maintaining that prosecution of a minor who engages in sexual activity with another close-in-age minor for an imprisonable misdemeanor offense does not constitute cruel and unusual punishment. I happened to photocopy the findings of the court at the sentencing hearing and the sentencing court actually relied on the facts of this case in finding that, and found that this was not a boyfriend-girlfriend situation. This was a situation where one of the three boys who sexually assaulted this girl might have been a boyfriend, or at least based on what my understanding of the evidence was, there was an agreement to meet up and have sex. And then two other young men decided, either in conjunction with a third young man or not, decided to take advantage of the situation and engage in sexual intercourse with this young girl. So this was not a girlfriend-boyfriend normal situation of teenagers. So I think that I have basically two arguments. I think that my strongest argument is that the Eighth Amendment does not apply to an education of wardship. In N. Ray Rodney H., a 2006 Illinois Supreme Court case, the Illinois Supreme Court held that the Eighth Amendment and the Proportionate Penalties Clause apply only to criminal process, to direct actions by the government to inflict punishment. The court found that the proceedings under the Juvenile Court Act, and this was a wardship juvenile court proceeding, are not criminal, and an adjudication of wardship is not a direct action by the state to inflict punishment within the meaning of the Eighth Amendment and the Proportionate Penalties Clause. Delinquency proceedings are protective in nature, and the purpose of the act is to protect and rehabilitate, not to punish. I think cases over and over and over state that the Juvenile Court Act's primary purpose is to rehabilitate. And so the Eighth Amendment does not apply according to the Rodney H. case. Also, the application of the safeguards and standards of a criminal proceeding do not transform delinquency proceedings into criminal proceedings or indicate that a fully adversarial process was developed. I cited in my brief, In Re. Jonathan C., which states something to that effect. It's a 2011 Supreme Court, Illinois Supreme Court case. While the U.S. Supreme Court has held that the unique characteristics of juveniles warrant heightened scrutiny in the context of convictions for criminal offenses, these cases are an opposite because they dealt with juveniles who were prosecuted in the adult criminal system, not in the juvenile system. In addition, the harshest possible penalties, the death penalty and life imprisonment without the possibility of parole, are not at issue here like they were in those United States Supreme Court cases. The state also argues that respondents lack standing to make the argument. Respondent is arguing that the prosecution of a minor who engages in consensual sexual activity with another close in age minor for an imprisonable misdemeanor constitutes cruel and unusual punishment. However, respondent's conduct was not consensual or normative. The victim testified at respondent's bench trial that the sexual activity was not consensual. Co-respondent preventing the victim from leaving the van and respondent pinning the victim's right arm. In addition, three boys had intercourse with the victim in the van. It was not a boyfriend-girlfriend situation. The next day, respondent Facebook messaged the victim admitting raping her. And as I already read to the court at sentencing, the judge actually laid out what he felt was the facts and said this was not a boyfriend-girlfriend situation. The state argues that a facial challenge, neither a facial challenge to the statute nor an as-applied challenge, will work in this case. As respondent's argument centers on consensual intercourse between minors in the statute but also applies to non-consensual intercourse, a facial challenge fails. Under the applied challenge, if there are no set of facts showing that the statute was unconstitutionally applied, a person may not use a hypothetical case to argue that it's unconstitutional. In the case we're talking about today, my opponent is using a hypothetical case. This was not consensual sex. This court should also judge the possible violation of the Eighth Amendment by what punishment was actually inflicted, not by potential punishment. In this case, respondent got a year of conditional discharge and 30 days in jail. He did not get anywhere close to the maximum, which was a year in prison, or a year in juvenile department. Do you think it's good public policy to register a 17-year-old as a sex offender? I do. Always? Given the conviction of this offense, separate and apart from the facts, should they have to register as a sex offender? I think the policy is that it enables the police to keep track of sexual offenders. Well, what if it is a boyfriend-girlfriend, but the parents bring the pressure? They're disappointed, they pressure, and the state attorney says, well, we'll give him a deal and let him plead to this. But he's got to register as a sex offender because that's what's required by the statute. What public policy is served? I think that the public policy is that it helps the police keep track of sex offenders, and it's a matter for the legislature to repeal that. But I asked if it was good public policy. I'm not positive it's good public policy. I do think that the court laid out in the sentencing hearing that if you want to get rid of that registration, go through the sex offender class and show them you're not a sex offender. So that's the remedy. I'd also assert that this is not a status offense. This was not a victimless offense. There was a victim, so her argument regarding status offenses is irrelevant. And I'd also assert that this statute, criminal sexual abuse statute, is not a violation of due process, because it's rationally related to the statute. It's a goal of protecting minors from overreaching and premature sexual experiences through experimentation. Are there any questions? First, there is standing to bring this constitutional challenge. The statute reads, a person commits criminal sexual abuse if that person commits an act of sexual penetration or sexual conduct with a victim who is at least 13 years of age, but under 17 years of age, and the person is less than 5 years older than the victim. There was not a need to make a finding that this was voluntary or involuntary, consensual or non-consensual. Regardless of the facts of this case, no finding was made that this was non-consensual, non-voluntary. Just as there was no finding that this was voluntary, because it was not necessary. But we do know the statute as it stands carries a certain penalty. And that penalty is egregious, given that the conduct is normal behavior for teenagers. In re Galt, provided that juveniles subjected to imprisonment due to an adjudication of delinquency were entitled to all of the constitutional protections to the same extent in adulthood. Thus, the Eighth Amendment does apply in this situation, because Maurice was subjected to detention, a 30 day jail sentence. In conclusion, I ask that this court find that this statute is in violation of the Constitution, because it violates the Eighth Amendment, and it violates the corresponding provision of the Illinois Constitution. And I ask that you find that it violates due process.